COMMONWEALTH of Pennsylvania,
Appellee,

v.

Rodney Scott COLON, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 27, 1998.

Filed Nov. 17, 1998.

Robert W. Kuhl, Lawrenceville, for appellant.

Andy J. Watson, Asst. Dist. Atty., Coudersport, for the Com.

Before FORD ELLIOTT, JOYCE and TAMILIA, JJ.

TAMILIA, Judge:

Appellant, Rodney Scott Colon, appeals from the March 12, 1997 judgment of sentence of not less than eleven and one-half (11–½) months nor more than twenty-four (24) months' imprisonment imposed after a jury convicted him of escape.[1]

A person commits the offense of escape "if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa. C.S.A. § 5121(a). The phrase "official detention" means "arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail." 18 Pa.C.S.A. § 5121(e).

Appellant argues there was insufficient evidence to find that he was under "official detention" as required by the escape statute.[2] In response the Commonwealth states that the totality of the circumstances established an official detention. When evaluating a challenge to the sufficiency of the evidence, this Court must view all evidence in the light most favorable to the Commonwealth as verdict winner, together with reasonable inferences therefrom, to determine whether the jury could have found each element of the crime charged beyond a reasonable doubt. *Commonwealth v. Stewart*, 436 Pa.Super. 626, 648 A.2d 797 (1994). The *Stewart* Court held defendant was under official detention when a uniformed officer, with gun drawn, requested that Stewart turn off his car and place his hands on the dashboard in response to a report of a domestic dispute. Accordingly, when defendant drove away, it constituted the crime of escape.

On May 15, 1996, appellant was sitting on the ground with his back against a building when a marked police car carrying two uniformed officers approached and stopped. Appellant rose to his feet as the officers exited their vehicle. One of the officers informed him that they had a warrant for his arrest and that he was under arrest. Appellant fled from the officers and refused to stop despite being informed by the pursuing officer that his failure to do so would result in his being charged with escape. On May 20, 1996, appellant was apprehended and charged with escape.

In *Stewart*, this Court noted that escape encompasses more than the traditional notion of an inmate scaling a prison wall. "It is not necessary that the suspect be physically restricted by bars, handcuffs or locked doors." *Id.* 648 A.2d at 798. As was the

---

1.   18 Pa.C.S.A. § 5121(a).

2.   Appellant suggests that his actions may subject him to other criminal sanctions, possibly for flight to avoid apprehension. 18 Pa.C.S.A. § 5126, **Flight to avoid apprehension, trial or punishment**. This clearly is not applicable as that offense is defined: "A person who willfully conceals himself or moves or travels within or without the Commonwealth with the intent to avoid apprehension, trial or punishment commits

a felony of the third degree when the crime he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime he has been charged with or has been convicted of is a misdemeanor." *Id.* The essence of "escape" is to remove oneself from official detention while "flight to avoid apprehension" is to avoid submitting to official detention or criminal prosecution.

case in *Stewart*, we must determine whether the phrase "any other detention for law enforcement purposes" extends to a pre-arrest situation.[3] The question presented, which is one of first impression, is whether official detention exists when an individual is informed by a uniformed officer that he has a warrant for his arrest and that the individual is under arrest.

 At the point he had been informed the officers had a warrant for his arrest and that he was under arrest, appellant was detained by a show of authority whereby he could not reasonably believe that he was free to leave. We find the statements by the officers in which they announced the purpose of their presence were sufficient to alert appellant that he was being officially detained. It is the warrant which extends the power of the state over the defendant, beyond the mere assertion he is under arrest, and completes the required element of "official detention" necessary to constitute the crime of escape. The warrant in this case is as compelling to establish requisite control and detention of defendant as were the drawn gun and directive to place defendant's hands on the dashboard of his automobile in *Stewart*. The warrant is the ultimate exercise of due process in obtaining official custody of a person charged with a crime and must be given the highest respect by the citizenry when executed to prevent the use of force and contempt for the constitutional process.[4] A warrant is always preferred over an extemporaneous arrest, and refusal to accede to service of a warrant and response by fleeing, reasonably should be treated as an escape. Any doubt in appellant's mind should have been removed when the pursuing officer informed him that he should stop or he would be charged with escape. Under

the circumstances of this case, it is clear that the officers exhibited a show of authority which a jury could reasonably conclude was sufficient to place appellant in official detention for law enforcement purposes. We, therefore, conclude the jury reasonably could have found each element of the crime beyond a reasonable doubt.[5]

Judgment of sentence affirmed.

---

3. Appellant argues that he was not under arrest simply by having been so informed by the officers. We agree. An arrest is defined as any act that indicates an intention to take a person into custody and that subjects him to the actual control and will of the person making the arrest. *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896 (1995); *Commonwealth v. Woodson*, 342 Pa.Super. 392, 493 A.2d 78 (1985).

4. Resisting arrest and/or fleeing can only exacerbate the process of taking into custody. Where the circumstances of the flight expose the pursu-

ing officers to substantial danger, a conviction of resisting arrest is proper. *See* 18 Pa.C.S.A. § 5104, **Resisting arrest or other law enforcement**; *Commonwealth v. Miller*, 327 Pa.Super. 154, 475 A.2d 145 (1984).

5. Appellant also argues that the trial court erred in its instruction to the jury concerning the elements of escape (N.T., 1/27/97, at 28–29). Appellant, however, did not file exceptions to this portion of the charge and therefore waived any argument relative thereto.