### COMMONWEALTH OF PENNSYLVANIA, Appellant,

### v.

### David Glenn FOUNTAIN, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 10, 2002.

Filed Nov. 12, 2002.

James P. Barker, Assistant District Attorney, Harrisburg, for Com., appellant.

Monica D. Cliatt, Harrisburg, for appellee.

Before: STEVENS, ORIE MELVIN, and KELLY, JJ.

STEVENS, J.:

¶ 1 The Commonwealth appeals the order entered in the Court of Common Pleas of Dauphin County granting Appellee's writ for *habeas corpus* relief and dismissing the escape charge lodged against Appellee based on insufficiency of the evidence.[1] We conclude that the Commonwealth established a *prima facie* case as to the escape charge, and, therefore, we reverse and remand for proceedings consistent with this decision.

The decision to grant or deny a petition for writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. It is settled that a petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case. Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged.

*Commonwealth v. Karlson,* 449 Pa.Super. 378, 674 A.2d 249, 250–251 (1996) (citations, quotations, and quotation marks omitted). "A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime." *Commonwealth v. Packard,* 767 A.2d 1068, 1070 (Pa.Super.2001) (citations omitted). The Commonwealth need not prove the defendant's guilt beyond a reasonable doubt. *Id.* "Rather, the Commonwealth must

---

1. An order granting a defendant's motion for *habeas corpus* relief based on insufficiency of the evidence is a final order appealable by the Commonwealth. *See Commonwealth v.* Moore, 749 A.2d 505 (Pa.Super.2000); *Commonwealth v. Karlson,* 449 Pa.Super. 378, 674 A.2d 249 (1996).

show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury." *Commonwealth v. Saunders,* 456 Pa.Super. 741, 691 A.2d 946, 948 (1997) (quotation omitted).

¶ 2 Based on the aforementioned standard, the facts and procedural history are as follows: On May 19, 2001, uniformed Police Officer Stephanie Barrelet was on routine patrol in a marked patrol car in Harrisburg, Pennsylvania when she saw Appellee on the street. N.T. 7/16/01 at 5. Knowing that there were outstanding warrants for Appellee's arrest, Officer Barrelet radioed for back up and exited her patrol car with her police canine. N.T. 7/16/01 at 6–7. Officer Barrelet followed Appellee, came within three feet of Appellee, told Appellee not to run, and indicated that she was executing an arrest warrant. N.T. 7/16/01 at 8. During this time, Appellee was facing Officer Barrelet. N.T. 7/16/01 at 9. Appellee turned around, began walking at a fast pace, ran into a residence, and locked the door. N.T. 7/16/01 at 9–10. Officer Barrelet and other officers waited outside the residence, but Appellee escaped. N.T. 7/16/01 at 10–11. Appellee was eventually apprehended at a later date. N.T. 7/16/01 at 11.

¶ 3 Appellee was charged with escape in connection with the May 19, 2001 incident, and he was held over for trial following his preliminary hearing. Immediately prior to trial, on January 18, 2002, Appellee made an oral motion for writ of *habeas corpus* alleging that the evidence was insufficient for the Commonwealth to establish a *prima facie* case for escape. By order dated January 18, 2002, the trial court granted Appellee's writ for *habeas corpus* and dismissed the escape charge, thereby concluding that the evidence was insufficient.

The Commonwealth filed a timely notice of appeal, the trial court ordered the Commonwealth to file a Pa.R.A.P.1925(b) statement, the Commonwealth filed a statement, and the trial court filed an opinion..

¶ 4 18 Pa.C.S.A. § 5121 provides, in relevant part, that:

(a) Escape.-A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited purpose.

\*    \*    \*    \*    \*    \*

(e) Definition.-As used in this section, the phrase 'official detention' means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constrain incidental to release on bail.

(emphasis in original).

¶ 5 Here, there is no dispute that the Commonwealth established a *prima facie* case that Appellee removed himself when he walked away from the officer briskly, went into a residence, and escaped therefrom. At issue is whether the Commonwealth presented a *prima facie* case that Appellee was subject to "official detention" prior to fleeing. We find that the Commonwealth met its burden of proof in this regard.

¶ 6 In *Commonwealth v. Stewart,* 436 Pa.Super. 626, 648 A.2d 797 (1994), this Court held that Section 5121(e)'s phrase "any other detention for law enforcement purposes" extends to pre-arrest situations. We stated that "[i]t is not necessary that the suspect be physically restricted by bars, handcuffs, or locked doors. Escape

encompasses more than the traditional notion of a prisoner scaling a prison wall." *Id.* at 798 (citations omitted). As such, we found that the defendant was in "official detention" when the officer was in uniform, in a marked police car, had his gun drawn, and ordered the defendant to turn off his vehicle. We concluded that, under the circumstances presented, a reasonable person would not have felt free to leave. *Id.*

¶ 7 In *Commonwealth v. Colon,* 719 A.2d 1099 (Pa.Super.1998), this Court again examined the definition of "official detention" for Section 5121 purposes. In an issue of first impression, this Court held that when a suspect is informed by a uniformed officer that the officer has a warrant for the suspect's arrest and that the suspect is under arrest, the suspect is subject to "official detention." In making this conclusion, we stated the following:

At the point [appellant] had been informed the officers had a warrant for his arrest and that he was under arrest, appellant was detained by a show of authority whereby he could not reasonably believe that he was free to leave. We find the statements by the officers in which they announced the purpose of their presence were sufficient to alert appellant that he was being officially detained. It is the warrant which extends the power of the state over the defendant, beyond mere assertion he is under arrest, and completes the required element of 'official detention' necessary to constitute the crime of escape. The warrant in this case is as compelling to establish requisite control and detention of defendant as were the drawn gun and directive to place defendant's hands on the dashboard of his automobile in *Stewart.* The warrant is the ultimate exercise of due process in obtaining official custody of a person charged with a crime and must be given the highest respect by the citizenry when executed to prevent the use of force and contempt for the constitutional process. A warrant is always preferred over an extemporaneous arrest, and refusal to accede to service of a warrant and response by fleeing, reasonably should be treated as an escape.

*Colon,* 719 A.2d at 1101 (footnote omitted). As such, this Court held that when the appellant was approached by two uniformed officers, who told the appellant they had a warrant for his arrest and the appellant was under arrest, the appellant was in "official" detention for Section 5121 purposes.

¶ 8 Based on all of the aforementioned, we conclude that the Commonwealth established a *prima facie* case that Appellee was in "official detention" in this case. Officer Barrelet, who was in uniform, approached Appellee with her canine and stood approximately three feet from Appellee. Appellee looked at Officer Barrelet, and Officer Barrelet told Appellee not to run. Moreover, the officer told Appellee that she had a warrant for his arrest. We find this sufficient. The fact Officer Barrelet did not specifically tell Appellee he was under arrest, as was done in *Colon,* does not require a different conclusion in this case. As we stated in *Colon,* the warrant is the compelling factor that establishes "official detention," and here, as in *Colon,* a reasonable person would not have felt free to leave if he was in Appellee's position.

¶ 9 We conclude that the trial court committed a manifest abuse of discretion when it granted *habeas corpus* relief, as the Commonwealth has met its burden of establishing at least a *prima facie* case that Appellee committed the acts proscribed under 18 Pa.C.S.A. § 5121. Therefore, we

reverse and remand for proceedings consistent with this decision.

¶ 10 Reversed; Remanded; Jurisdiction Relinquished.