# Commonwealth v. Lyles

C.P. of Lawrence County, no. 42 of 2010.

*Luanne Parkonen,* for Commonwealth.
*Larry J. Keith and Darrell Haeberle,* for defendant.

COX, *J.,* October 7, 2010—Before the court for disposition is the petition for writ of habeas corpus filed on behalf of the defendant Kevin Robert Lyles, which argues that the commonwealth has failed to present sufficient evidence to establish that the defendant was in possession of marijuana.

On May 29, 2009, Patrolman Ronald L. Williams of the New Castle Police Department received a call from off-duty police officer James Paglia, informing Patrolman Williams that the defendant, who had approximately nine outstanding bench warrants and state parole detainers, was observed in the passenger seat of a maroon Ford Explorer in the area of Beer 4 Less, which is located in New Castle, Lawrence County, Pennsylvania. Patrolman Williams located the Explorer and activated his lights while traveling on West Washington Street, which is in the vicinity of Beer 4 Less. At that time, a female, who was driving, began to stop the vehicle; however, before the vehicle stopped completely, the defendant exited the same and ran through the Beer 4 Less parking lot toward Body Structure Fitness. Patrolman Williams pursued the defendant who made a sudden right-hand turn, which caused him to strike the police officer's vehicle. Officer Paglia was also approaching the defendant from the other end of the parking lot. Eventually, the defendant was apprehended, searched and no contraband was found on

his person. The police officers also searched between the vehicles and discovered a cellular phone and a bag of marijuana in close proximity to each other. The defendant admitted that the cellular phone belonged to him, but denied ownership of the marijuana. It must be noted that neither of the police officers observed the defendant drop the cellular phone or the bag of marijuana.

The defendant was arrested and charged with a violation of 35 P.S. § 780-113(a)(31), which prohibits possession of a small amount of marijuana. A preliminary hearing was held before Magisterial District Judge Scott A. McGrath on January 13, 2009, and the charge was bound over to this court. Now, the defendant contends that the commonwealth did not present sufficient evidence to establish that he was in possession of the bag of marijuana discovered in close proximity to his cellular phone.

Where a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may do so by filing a writ of habeas corpus. *Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589 (1995). The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Fox*, 422 Pa. Super. 224, 234, 619 A.2d 327, 332 (1993). In a pre-trial habeas corpus proceeding, as in a preliminary hearing, the commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owens*, 397 Pa. Super. 507, 580 A.2d 412 (1990). This does not mean that the prosecution must prove the accused guilty beyond a

reasonable doubt, but rather, the prosecution must establish sufficient probable cause that the accused has committed the offense. *Commonwealth v. Prosdocimo*, 331 Pa. Super, 51, 479 A.2d 1073 (1994).

The standard in determining whether a defendant is properly held for court is: (a) that the record reveals a prima facie showing that a crime or crimes have been committed; and (b) that the defendant was in some way legally responsible. *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 263, 566 A.2d 246, 248 (1989). A prima facie case consists of evidence, read in the light most favorable to the commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. *Commonwealth v. Fountain*, 811 A.2d 24 (Pa. Super. 2002). The commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (1995). The commonwealth need not prove the elements of the crime beyond a reasonable doubt. *Id.* The prima facie case merely requires evidence of the existence of each element of the crime charged. *Id.* Additionally, the evidence is to be reviewed in a light most favorable to the commonwealth and the commonwealth is entitled to reasonable inferences drawn from the evidence. *Id.*

The weight and credibility of the evidence is not a factor at this stage, the commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. *Id.* As a result of the commonwealth bearing the minor burden of establishing a prima facie case, a witness' credibility is not an issue at a preliminary

hearing. *Fox*, supra. The committing magistrate is precluded from considering the credibility of a witness who is called upon to testify during the preliminary hearing. *Liciaga*, supra, (citing *Commonwealth v. Wojdak*, 502 Pa. 359, 466 A.2d 991 (1983); *Commonwealth v. Hampton*, 462 Pa. 322, 341 A.2d 101 (1975)). Neither is it for the court ruling on the petition for writ of habeas corpus to assess the credibility of the witnesses presented at the preliminary hearing. *Commonwealth v. Carmody*, 799 A.2d 143 (Pa. Super. 2002).

The defendant contends that the commonwealth failed to establish that he was in possession of the marijuana; thus, it has not established the charge of possession of a small amount of marijuana. 35 P.S. § 780-113(a)(31) states:

(a) The following acts and the causing thereof within the commonwealth are hereby prohibited:

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marijuana only for personal use; (ii) the possession of a small amount marijuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount marijuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marijuana.

In cases where the contraband is not found on the defendant's person, the commonwealth may establish that the defendant had constructive possession over the contraband. *Commonwealth v. Haskins*, 450 Pa. Super. 540, 544, 677 A.2d 328, 330 (1996) (citing *Commonwealth v.*

*Valette*, 531 Pa. 384, 613 A.2d 548 (1992)). Constructive possession means that the defendant had "power to control the contraband and the intent to exercise that control." *Id.* In other words, "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." *Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa. Super. 2003) (citing *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983)). Constructive possession may be determined by the totality of circumstances for each case. *Id.* Additionally, the fact that the contraband is discovered in a location that is only accessible to the defendant may lead to the inference that he or she placed the substance there or, at the very least, knew of its location. *Commonwealth v. Thompson*, 286 Pa. Super. 31, 34-35, 428 A.2d 223, 224 (1981).

In *Commonwealth v. Clark*, 746 A.2d 1128 (Pa. Super. 2000), the appellant was convicted of two counts each of possession with intent to deliver a controlled substance and criminal conspiracy arising from police surveillance operations in response to numerous reports of drug trafficking. During the first surveillance, a police officer observed the appellant and another individual standing at the northwest corner of two streets. As the police officer watched, three other individuals approached the appellant, gave the appellant money and the appellant walked to an abandoned lot approximately one-half block away. The appellant then approached a tree surrounded by high weeds, bent over and subsequently returned to the street corner. The appellant then handed something to the individuals. It must be noted that the police officer could not decipher what the appellant handed to the other

individuals. Eventually, other police officers stopped the individuals and, as the officers approached, the individuals dropped several packets containing a white substance. As those events unfolded, the police officer conducting the surveillance went to the abandoned lot and discovered a deodorant case at the base of a tree containing twenty small packets and a larger clear plastic bag holding forty small packets all packed with a chunky white substance. The white substance in all of the packets was later tested. The tests were positive for cocaine.

On another occasion, the appellant and an accomplice perpetrated a similar crime, in which the appellant was approached by individuals and then walked approximately 30 feet to a lawn area. The appellant bent over and then returned to the street corner and handed something to the individual. Again, the individual was stopped by police officers and drugs were discovered in small tinted packets. Another police officer then approached the appellant on foot and the appellant attempted to flee. An officer walked to the lawn area and discovered a brown bag and found ten tinted packets inside the bag, which matched the other packets. The appellant was convicted of the aforementioned offenses and sentenced to a term of incarceration of three to six years. The appellant appealed and asserted the argument that the evidence was insufficient to establish that he possessed the drugs that were discovered in the abandoned lot and the lawn area because those are public areas and an unidentified individual or the police officers could have placed the drugs in those locations.

The *Clark* court explained that the police officer on the first occasion spent approximately fifteen to twenty minutes conducting surveillance, and observed three

individuals approach the appellant and hand the appellant money. *Id.*, 746 A.2d at 1136. At that point the appellant walked to the weeded area and gave the individuals something small. The court reasoned that when one of those individuals was stopped, he possessed a small packet containing cocaine. *Id.* During the second incident, the appellant was observed conducting a similar operation involving the lawn area. The *Clark* court stated that the appellant was the only person who approached the abandoned lot and the lawn area where the cocaine was found during the relevant time period. *Id.* As a result, the court ruled, "The totality of the circumstances gives rise to an unrebutted inference that appellant and his accomplice were keeping their supply of drugs for sale hidden where the police found them." *Id.*, 746 A.2d at 1136-1137. Thus, the commonwealth presented sufficient evidence that the appellant was in constructive possession of the cocaine. *Id.*

In the current case, Officer Paglia observed the defendant, who had numerous warrants for his arrest, traveling as a passenger in a maroon Ford Explorer. Officer Paglia was off duty at the time and placed a call to Patrolman Williams to apprehend the defendant. As Patrolman Williams approached the Beer 4 Less store, he activated the lights on his police cruiser and the female driving the Explorer began stopping the vehicle; but before the vehicle came to a complete stop, the defendant exited the same and began running through the Beer 4 Less parking lot toward Body Structure Fitness. Patrolman Williams continued to pursue the defendant while in his police cruiser. Eventually, the defendant turned right and struck the police cruiser. Shortly thereafter, the defendant was cornered by the police

officers as Officer Paglia approached him from the other end of the parking lot. The defendant was apprehended and searched, but no contraband was found on his person. However, the police officers searched the area where the defendant was apprehended and discovered a cellular phone and a bag of marijuana. It must be noted that the defendant admitted the cellular phone belonged to him, but denied possession of the bag of marijuana.

Clearly, the bag of marijuana was located in close proximity to the defendant and to the cellular phone that the defendant admitted that he owned. Additionally, there is no indication that anyone else was near the area where the defendant was apprehended and where the bag of marijuana was located. There is no evidence that the bag appeared to have been outside in the weather for an extended period of time. As in *Clark,* the police officers observed the defendant's movements and searched the area where he was located. In doing so, they found a cellular phone and a bag of marijuana. In *Clark,* the court stated that the appellant was the only person located in the vicinity where the cocaine was found in the abandoned lot and the lawn area. *Id.* Moreover, an inference proving a defendant's constructive possession of contraband can be made if the contraband is found in a location that is only accessible to that defendant. *Thompson,* supra. Therefore, the commonwealth has presented sufficient evidence to establish that the defendant had constructive possession of the bag of marijuana because it was found in the area where the defendant was apprehended, it was located near a cellular phone that belonged to the defendant and the defendant was the only person who was in the vicinity during that period of time.

For the reasons set forth in this opinion, the defendant's petition for writ of habeas corpus is denied.

## ORDER OF COURT

Now, October 7, 2010, this case being before the court on September 30, 2010, for a hearing on the petition for writ of habeas corpus filed by the defendant, with both parties appearing, the commonwealth of Pennsylvania, represented by counsel, Luanne Parkonen, Esquire, Assistant District Attorney for the county of Lawrence, and the defendant, Kevin Robert Lyles, represented by counsel, Darrell Haeberle, Esquire and after a hearing held, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the petition for writ of habeas corpus filed by the defendant is hereby denied.

2. The defendant shall be placed on the November 2010 criminal jury trial term.

3. The clerk of courts is directed to serve a copy of this order of court upon counsel of record, Luanne Parkonen, Esquire and Darrell Haeberle, Esquire.