**Commonwealth v. Plum**

*Diane Shaffer, assistant district attorney,* for Commonwealth.

*Michael A. Frisk,* for defendant.

COX, *J.,* February 8, 2011—Before the court for disposition is the petition for writ of habeas corpus filed on behalf of the defendant Steven Michael Plum, in which he argues that the commonwealth failed to establish a prima facie case proving that the defendant was in actual physical control of the motor vehicle as is required by the driving under the influence statute, 75 Pa.C.S.A. § 3802.

On April 18, 2010, an automobile was involved in an accident after the driver failed to negotiate a bend on Lawrence Avenue, Ellwood City, Lawrence County, Pennsylvania. The driver drove the vehicle through a wooden utility pole then struck a parked vehicle and rested upon another utility pole. Christian Lample, who was visiting his mother-in-law's residence, heard a loud noise and went to investigate. He soon noticed a vehicle resting upon a utility pole near a small autobody shop. He ran to the vehicle and arrived approximately 40 to 45 seconds after he heard the noise. Upon arrival at the scene, Mr. Lample noticed the defendant in the driver's seat of the vehicle with his leg partially on the seat. Mr. Lample did

not observe anyone else inside or outside of the vehicle. The defendant informed Mr. Lample that he was looking for his cellular phone. Shortly thereafter, members of the Ellwood City Police Department arrived at the scene of the accident and were followed by Trooper Shawn King of the Pennsylvania State Police. Trooper King noticed the defendant emitted a strong odor of alcohol and had bloodshot and glassy eyes. Additionally, the defendant insisted that he was not driving the vehicle and gave inconsistent recounts of the accident, first stating that he did not want disclose the identity of the driver for fear of retaliation and, later, he explained that the owner of the vehicle was driving. As a result of the investigation, the trooper transported the defendant to Ellwood City Hospital for a blood alcohol test to determine if he was intoxicated. The defendant was charged with the following offenses: driving under the influence: general impairment[1], driving under the influence: highest rate of alcohol[2], 2 counts of driving while operating privilege is suspended or revoked[3], required financial responsibility[4], driving on roadways laned for traffic[5], driving vehicle at safe speed[6] and careless driving[7].

The defendant has filed this petition for writ of habeas corpus, in which he contends that the commonwealth has failed to establish a prima facie case for driving under the influence as there is no evidence that the defendant was in actual physical control of the vehicle.

1. 75 Pa.C.S.A. § 3802(a)(1).
2. 75 Pa.C.S.A. § 3802(c).
3. 75 Pa.C.S.A. § 1543(b)(1) and (b)(1.1)(i).
4. 75 Pa.C.S.A. § 1786(f).
5. 75 Pa.C.S.A. § 3309(1).
6. 75 Pa.C.S.A. 3361.
7. 75 Pa.C.S.A. § 3714(a).

A petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the commonwealth has presented sufficient evidence to establish a prima facie case. *Commonwealth v. Karlson*, 674 A.2d 249 (Pa. Super. 1996). In evaluating an accused's entitlement to pre-trial habeas corpus relief, a trial court must determine whether there is sufficient evidence to make out a prima facie case that the defendant committed the crime with which he or she is charged. *Commonwealth v. Hock*, 556 Pa. 409, 728 A.2d 943 (1999). In a pre-trial habeas corpus proceeding, as in a preliminary hearing, the commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen*, 580 A.2d 412 (Pa. Super. 1990). This does not mean that the prosecution must prove the accused guilty beyond a reasonable doubt, but rather, the prosecution must establish "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Prosdocimo*, 479 A.2d 1073 (Pa. Super. 1994). The standard for determining whether a defendant is properly held for court is: (a) that the record reveals a prima facie showing that a crime or crimes have been committed; and (b) that the defendant was in some way legally responsible. *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 566 A.2d 246 (1989). A prima facie case consists of evidence, read in the light most favorable to the commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. *Commonwealth v. Fountain*, 811 A.2d 24 (Pa. Super. 2002).

The commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would

warrant the trial judge to allow the case to go to a jury. *Commonwealth v. Marti*, 779 A.2d 1177 (Pa. Super. 2001). The prima facie case merely requires evidence of the existence of each element of the crime charged. *Id.* Additionally, the evidence is to be reviewed in a light most favorable to the commonwealth and the commonwealth is entitled to reasonable inferences drawn from the evidence. *Id.* The weight and credibility of the evidence is not a factor at this stage, the commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. *Id.*

75 Pa.C.S.A. § 3802 requires the commonwealth to establish that the defendant was in actual physical control of the vehicle. *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008). The court must examine the totality of the circumstances and consider the following factors when determining if the defendant was in actual physical control of the vehicle: "the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Id.* (quoting *Commonwealth v. Woodruff*, 668 A.2d 1158,1161 (Pa. Super. 1995)). The commonwealth is permitted to establish that the defendant was in actual physical control of the vehicle solely through circumstantial evidence, *Id.* (citing *Commonwealth v. Johnson*, 833 A.2d 260 (Pa. Super. 2003)). "The concept of 'actual physical control' involves the control of the movements of either the machinery of a motor vehicle or of the management of the vehicle itself, without a requirement that the entire vehicle be in motion." *Commonwealth v. Grimes*, 648 A.2d 538, 544 (Pa. Super. 1994) (citing *Commonwealth v. Bobotas*, 588 A.2d 518, 521 (Pa. Super. 1991)). Merely demonstrating

that the defendant was in the vehicle while intoxicated is insufficient to establish that the defendant was in actual physical control of the vehicle. *Commonwealth v. Brotherson*, 888 A.2d 901, 904-905 (Pa. Super. 2005) (citations omitted).

In *Williams*, supra., an eye-witness observed the appellant's vehicle stuck on railroad tracks with the engine running and front wheels turning. The appellant was sleeping in the back seat and there was no one in the driver's seat. The witness attempted to wake the appellant, but was unsuccessful, so she called 911 to report the incident. The witness turned the engine off and put the transmission in park. A passerby arrived at the scene shortly thereafter and aided the witness in removing the appellant from the vehicle. Subsequently, a police officer arrived and attempted to wake the appellant, but was unable to do so. The police officer noticed a strong odor of alcohol when he attempted to check the appellant's pulse. The appellant eventually sat up and informed the police officer that she was alone in the vehicle, but she was confused and had difficulty answering questions. Eventually, the police officer issued the appellant her *Miranda* warnings and drove her to the hospital for a blood alcohol test.

The appellant refused to submit to a blood test after being asked twice. The police officer charged her with driving under the influence.

The appellant argued that the commonwealth was unable to prove that the she was in actual physical control of the motor vehicle because she was asleep in the backseat of the vehicle, the police officer was unable to determine the exact time of the accident and the facts demonstrate

that someone else could have operated the vehicle and abandoned it on the railroad tracks with the appellant sleeping in the back seat.[8] The *Williams* court recalled that the witness observed the appellant's vehicle resting on the railroad tracks with the front wheels turning, the engine running and the appellant unconscious in the back seat. *Williams*, 941 A.2d at 28. Once the appellant was awake, the police officer noticed that she emitted a strong odor of alcohol and was unable to walk without assistance. *Id.* The *Williams* court agreed with the trial court's reasoning that the commonwealth presented sufficient evidence establishing that the appellant was in actual physical control of the vehicle as she admitted that she was alone in the vehicle, she was discovered in the back seat of the vehicle, the engine was running, the wheels were turning and she had difficulty answering questions. *Id.*, 941 A.2d at 29.

Moreover, in *Commonwealth v. Wilson*, 660 A.2d 105, 107 (Pa. Super. 1995), the court ruled that the commonwealth presented sufficient evidence establishing the appellant was in actual physical control of the vehicle based on the following circumstances: the appellant was alone in the driver seat of the vehicle which was found on the bottom of an embankment, the vehicle was not parked but was stuck at the bottom of the embankment, and the hood of the vehicle was still warm which suggested that it had been driven recently.

In the case sub judice, the vehicle in question was

---

8. It must be noted that in *Williams*, the appellant was challenging the trial court's order denying her motion to suppress; however, it is still applicable to the current matter as a prima facie case merely requires that the commonwealth demonstrate probable cause that the defendant committed the offense.

found resting on a wooden utility pole off the roadway on Lawrence Avenue. Mr. Lample testified that he arrived at the scene of the accident 40 to 45 seconds after he heard the crash and observed the defendant sitting alone in the vehicle with his leg partially on the driver's seat. The defendant informed Mr. Lample that he was searching for his cellular phone inside of the vehicle, which was in disarray because compact discs were tossed around due to the accident. Mr. Lample did not observe anyone near the scene of the accident or exit the vehicle. Subsequently, Trooper King arrived and asked the defendant who was driving the vehicle. The defendant insisted that he was not operating the vehicle, but gave inconsistent responses as to why he would not identify the driver. First, the defendant claimed that he was afraid of retaliation if he identified the driver. Later, he stated that the owner of the vehicle was driving.

The commonwealth has presented sufficient evidence to establish a prima facie case that the defendant was in actual physical control of the vehicle. As in *Williams*, supra., the defendant was alone in the vehicle and was unable or unwilling to provide the police officer with the identity of the driver. Moreover, Mr. Lample testified that he did not observe anyone exit the vehicle or near the vicinity of the accident, even though he arrived approximately 40 to 45 seconds after he heard the loud crashing noise. Similar to *Wilson*, the vehicle was not voluntarily parked, it was resting on a wooden utility pole off the roadway near an autobody shop on Lawrence Avenue and the defendant was alone in the driver's seat of the vehicle at the time that Mr. Lample arrived. Therefore, in accordance with the decisions rendered in *Williams*

and *Wilson*, the commonwealth has presented sufficient evidence to establish that the defendant was in actual physical control of the vehicle.

For the reasons set forth in this opinion, the defendant's petition for writ of habeas corpus is denied.

## ORDER OF COURT

And now, February 8, 2011, this case being before the court on February 3, 2011, for a hearing on the petition for writ of habeas corpus filed by the defendant, with both parties appearing, the commonwealth of Pennsylvania, represented by counsel, Diane Shaffer, Esquire, Assistant District Attorney for the County of Lawrence and the defendant, Stephen Michael Plum, represented by counsel, Michael A. Frisk, Esquire and after a hearing held, the court enters the following order and it is ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the petition for writ of habeas corpus filed by the defendant is hereby denied.

2. The clerk of courts is directed to serve a copy of this order of court and attached opinion upon counsel of record, Diane Shaffer, Esquire and Michael A. Frisk, Esquire.