J-S08031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
AARON NIGRO : No. 1043 WDA 2015

Appeal from the Order entered on June 24, 2015
in the Court of Common Pleas of Westmoreland County,
Criminal Division, No(s): CP-65-CR-0000383-2014

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 24, 2016**

The Commonwealth of Pennsylvania appeals from the Order granting the Petition for *habeas corpus* relief filed by the defendant, Aaron Nigro ("Nigro"). We reverse and remand for further proceedings.

On May 7, 2013, the Commonwealth filed a Criminal Complaint against Nigro charging him with theft by unlawful taking—movable property, as a second-degree felony. *See* 18 Pa.C.S.A. § 3921(a). The Criminal Complaint alleged that Nigro "did unlawfully take or exercise unlawful control over moveable property, namely LED Lights valued at $5000.00, belonging to Genesis Security Integrations ("Genesis"), with the intent to deprive the owner thereof …." Criminal Complaint, 5/7/13, at 2.

The Affidavit of Probable Cause asserted that upon termination of his employment with Genesis, Nigro appeared at a UPS facility and took possession of a package of LED lights, valued at $5,000.00. Affidavit of

Probable Cause, 5/7/13. The package was addressed to Nigro and Genesis. *Id.* The Affidavit further stated that, at the time he took possession of the package, Nigro had been "advised … of his termination with Genesis [] and that he is to have no further dealings with the company." *Id.*

Subsequently, the Commonwealth filed its Criminal Information against Nigro, charging him with theft by unlawful taking-moveable property (as a second-degree felony), and theft by deception (as a third-degree felony).[1] A preliminary hearing was conducted before a magistrate on January 21, 2014. After several continuances, on April 10, 2015, Nigro filed a Petition for *habeas corpus* relief. After a hearing, the trial court granted Nigro's Petition. On June 24, 2015, the trial court entered an Order reducing Nigro's charges of theft by unlawful taking and theft by deception to third-degree misdemeanors. Thereafter, the Commonwealth filed the instant appeal, followed by a court-ordered Pa.R.A.P. Concise Statement of matters complained of on appeal.[2] The Commonwealth additionally certified that the trial court's decision would substantially handicap its ability to prosecute Nigro.

The Commonwealth now presents the following claims for our review:

> 1. Whether the [trial c]ourt erred in granting pre-trial *habeas corpus* relief regarding a non-essential element of theft offenses by ordering the reduction of the grade of the offenses from

---

[1] *See* 18 Pa.C.S.A. § 3922(a)(1).

[2] Rather than filing an Opinion, the trial court directed our attention to the pages in the Notes of Testimony where it explained its decision.

felonies of the third degree to misdemeanors of the third degree[?]

2. Whether the Commonwealth established a *prima facie* case regarding the value of the stolen property[?]

Brief for the Commonwealth at 4.

The Commonwealth first claims that the trial court improperly granted *habeas corpus* relief to Nigro. **Id.** at 8. The Commonwealth argues that the preliminary hearing stage of the proceedings, it need not prove guilt beyond a reasonable doubt. **Id.** Rather, it must produce *prima facie* evidence of the crime charged, and whether the evidence "establishes sufficient probable cause to warrant the belief that the accused committed the offense." **Id.** According to the Commonwealth, the value of the allegedly stolen property is not a material element of a theft offense. **Id.** at 9. Therefore, the Commonwealth argues, the absence of such evidence is not a proper subject matter for pre-trial *habeas corpus* relief. **Id.**

As this Court has explained,

[t]he decision to grant or deny a petition for writ of *habeas corpus* will be reversed on appeal only for a manifest abuse of discretion. It is settled that a petition for writ of *habeas corpus* is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case. Although a *habeas corpus* hearing is similar to a preliminary hearing, in a *habeas corpus* proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged….

A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused

is probably the perpetrator of that crime. The Commonwealth need not prove the defendant's guilt beyond a reasonable doubt. Rather, the Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.

*Commonwealth v. Black*, 108 A.3d 70, 77 (Pa. Super. 2015) (quoting

*Commonwealth v. Fountain*, 811 A.2d 24, 25-26 (Pa. Super. 2002)

(internal quotations and citations omitted)).

In its Petition for *habeas corpus* relief, Nigro challenged only the value of the items purportedly stolen. Petition for Writ of *Habeas Corpus*, ¶ 6. Nigro averred that "the absence of any evidence to establish the value of the LED light requires [the trial court] to set the value at $50 and the offense must be graded as a misdemeanor of the third degree." *Id.*, ¶ 18. The trial court agreed with Nigro's interpretation of the Crimes Code. *See* N.T., 6/24/15, at 56-57 (determining that "the Commonwealth has only shown that there was some value, but not specific value, with regard to this fixture[,]" and directing the reduction of both offenses to misdemeanors of the third degree). Upon review of the relevant sections of the Crimes Code, we disagree with the interpretation advanced by Nigro and adopted by the trial court.

Section 3921(a) of the Crimes Code, "theft by unlawful taking or disposition," describes the elements of the conduct which constitutes theft of movable property: "A person is guilty of theft if he unlawfully takes, or

exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Crimes Code Section 3901 defines "moveable property" as "[p]roperty the location of which can be changed, including things growing on, affixed to, or found in land, and documents although the rights represented thereby have no physical location. 'Immovable property' is all other property." *Id.* § 3901. As this Court has recognized, "[n]either [s]ection 3921[,] which details the crime[,] nor [s]ection 3901[,] which describes the property[,] contain the element of value." *Commonwealth v. McKennion*, 340 A.2d 889, 891 (Pa. Super. 1975). In *McKennion*, this Court ultimately concluded that "value is not an essential element of the crime of theft. Rather, the value of the stolen items becomes relevant only to establish the grade of the offense **for purposes of imposing sentence**." *Id.* (emphasis added).

A person is guilty of the crime of theft by deception "if he intentionally obtains or withholds property of another by deception." 18 Pa.C.S.A. § 3922(a). A person deceives if he intentionally:

> **(1)** creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
>
> **(2)** prevents another from acquiring information which would affect his judgment of a transaction; or
>
> **(3)** fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to

be influencing another to whom he stands in a fiduciary or confidential relationship.

18 Pa.C.S.A. § 3922(a).  As with section 3901, section 3922 does not include an element of value.  *See McKennion*, 340 A.2d at 891.

Thus, we conclude that the trial court erred in granting Nigro's Petition for *habeas corpus* relief, based upon the Commonwealth's failure to present evidence of value.  On this basis, we reverse the Order of the trial court, and remand for trial.[3]

Order reversed; case remanded for trial; Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/24/2016

---

[3] Based upon our resolution of the Commonwealth's first issue, we need not address its remaining claim.