J-S42012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH RAY MINNICH | : | |
| | : | |
| Appellant | : | No. 706 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001360-2023

BEFORE: LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:        **FILED: JANUARY 24, 2025**

Joseph Ray Minnich appeals from the judgment of sentence, imposed in the Court of Common Pleas of Schuylkill County, after a jury convicted him of one count of flight to avoid apprehension.[1]  After our review, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> On August 21, 2023, Officer Derek Weicikosky of the Mahanoy City Police Department [] was on duty at approximately 2:00 a.m. when he observed [Minnich] walk into the Cocoa Hut convenience store.  Officer Weicikosky was familiar with [Minnich] and [was] aware that he had an outstanding bench warrant.[1]  Officer Weicikosky asked Devin Peel, whom he had observed with [Minnich] prior to [Minnich] entering the Cocoa Hut, if she was with "Princess," a nickname he knew [Minnich] to use. Approximately five minutes later[, Officer Weicikosky] witnessed [Minnich] exit the store.  He approached [Minnich] and asked for his identification.  [Officer Weicikosky] was approximately ten to twenty feet away from [Minnich] and immediately recognized him.

---

[1] 18 Pa.C.S.A. § 5126(a).

[Minnich] fled the scene on foot[,] running westbound through the parking lot and then northbound towards Railroad Street[,] with Officer Weicikosky giving chase on foot. [Officer Weicikosky did not yell anything to Minnich when he first began running. Minnich] crossed Railroad Street, crossed a stone wall that led to railroad tracks, and then fled up a dirt wall. Officer Weicikosky yelled and advised [Minnich] twice that he would tase him. He attempted to use his taser[] but was too far away to make contact. He yelled "Princess, get [the f**k] back here. [You have a warrant.]" [**See** Commonwealth Exhibit 1 (Body Cam Footage), 8/21/23, at 00:41-00:45.]

> [1] The parties stipulated that [Minnich] pled guilty to a felony in **Commonwealth v. Minnich**, CR 138-2021, and subsequently was placed on parole. On August 15, 2023, the Schuylkill County Adult Probation and Parole Department issued a warrant, which remained active as of August 21, 2023.

Officer Weicikosky gave up chase for safety reasons because the area was dark and wooded. He also wore a body camera, which was admitted as Commonwealth Exhibit 1 and played for the jury. The body camera footage confirmed Officer Weicikosky's account of his encounter with [Minnich]. Officer Weicikosky affirmed that he could clearly see [Minnich] when he left the Cocoa Hut and knew him as "Princess." [Minnich] was apprehended several weeks later. [Officer Weicikosky] identified [Minnich] during the trial.

On March 12, 2024, a jury found [Minnich] guilty of one count of flight to avoid apprehension. On May 10, 2024, the [trial court] sentenced [Minnich] to a term of not less than 16 months' nor more than 32 months' confinement in a state correction institute, costs, and fees. [Minnich] filed his notice of appeal on May 17, 2024.

Trial Court Opinion, 6/11/24, at 1-2 (some sentences reordered for clarity; unnecessary capitalization omitted).

Both Minnich and the trial court have complied with Pa.R.A.P. 1925. Minnich raises the following claims on appeal:

1. Did the Commonwealth fail to present sufficient evidence to prove [Minnich] guilty of flight to avoid apprehension beyond a reasonable doubt?

2. Did the Commonwealth fail to charge [Minnich] with the more specific crime of evading arrest or detention on foot?

Brief of Appellant, at 4.

Minnich first challenges the sufficiency of the evidence supporting his conviction.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

Here, Minnich claims that the Commonwealth failed to establish that he was aware that there was an outstanding warrant for his arrest. Minnich argues that, although Officer Weicikosky yelled to him that "[y]ou have a warrant," N.T. Trial, 3/12/24, at 29, he did not do so until he was "at a distance which was too far to have an effective shot with a Taser. There is no indication in the record that would prove beyond a reasonable doubt that [Minnich] was able to hear what [Officer Weicikosky] said at the time." Brief of Appellant, at 9-10. This claim is without merit.

Minnich was convicted of flight to avoid apprehension, trial, or punishment, which is defined, in relevant part, as follows:

(a) Offense defined.--A person who willfully conceals himself or moves or travels within or outside this Commonwealth **with the intent to avoid apprehension**, trial[,] or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S.A. § 5126(a) (emphasis added). The essence of this crime is the defendant refused to submit to a lawful detention or prosecution. *Commonwealth v. Colon*, 719 A.2d 1099, 1100 n.2 (Pa. Super. 1998). Under the statute, it is sufficient to show that a defendant concealed himself "to avoid apprehension and punishment based on his knowledge that he had an outstanding bench warrant for his arrest" for a probation violation. *Commonwealth v. Steffy*, 36 A.3d 1109, 1111–12 (Pa. Super. 2012).

Here, the evidence demonstrates that, during the course of the approximately one-minute chase, *see* N.T. Trial, 3/12/24, at 31, Officer Weicikosky yelled after Minnich to "get [the f**k] back here. You have a warrant." *Id.* at 29; Commonwealth Exhibit 1, *supra*. Officer Weicikosky's body cam footage reveals that Minnich was within hearing range of Officer Weicikosky, as Minnich responded verbally, first when Officer Weicikosky yelled "get the f**k back here" and again when the officer yelled "you have a warrant."[2] *See* Commonwealth Exhibit 1, *supra*. Despite having been thus

---

[2] Minnich's responses to Officer Weicikosky are unintelligible on the body cam footage.

informed that there was a warrant for his arrest, Minnich continued to flee in an effort to avoid apprehension by Officer Weicikosky. This evidence was sufficient to establish that Minnich committed the offense of flight to avoid apprehension. ***See Steffy***, ***supra***. Accordingly, he is entitled to no relief.

Finally, Minnich complains that the Commonwealth failed to charge him with evading arrest or detention on foot, "a more specific statute dealing with the facts established in this case." Brief of Appellant, at 11. This claim is without merit. A defendant is not entitled to pick and choose the offenses with which he is charged. Here, the Commonwealth believed—correctly—that it had sufficient evidence to sustain a conviction for flight to avoid apprehension and charged Minnich accordingly. "[I]t is beyond cavil that[,] '[s]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion.'" ***Commonwealth v. Slick***, 639 A.2d 482, 487 (Pa. Super. 1994), quoting ***Wayte v. United States***, 470 U.S. 598, 607 (1985) (citation omitted; formatting altered). As such, Minnich is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/24/2025