J-S18046-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN LYNDELL HARPER, JR. | |
| Appellant | No. 2583 EDA 2014 |

Appeal from the Judgment of Sentence July 31, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006039-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                                **FILED MAY 4, 2015**

Appellant, Marvin Lyndell Harper, Jr., appeals from the July 31, 2014 judgment of sentence of one year's probation, imposed after he was found guilty of one count of firearms not to be carried without a license.[1]  After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  On June 3, 2013, at 8:33 p.m., Trooper Sergio Colon of the Pennsylvania State Police was patrolling on Interstate 95 northbound towards Philadelphia in Delaware County.  N.T., 4/2/14, at 6.  Trooper Colon observed a burgundy Ford vehicle traveling in front of his marked patrol car.  *Id.* at 7.  Trooper Colon followed the vehicle for approximately three tenths

---

[1] 18 Pa.C.S.A. § 6106(a)(2).

of a mile and determined the vehicle was travelling at 70 miles per hour in a 55 miles per hour zone, based on the speed at which Trooper Colon was following the car. *Id.* at 7-8. Based on his observation, Trooper Colon initiated a traffic stop for speeding. *Id.* at 8. The vehicle pulled over, and Trooper Colon approached the vehicle on the passenger side. *Id.* Upon approaching the vehicle, Trooper Colon asked its sole occupant, later identified as Appellant, for his driver's license, registration, and proof of insurance. *Id.* at 10. "During the course of him gathering his documentation, [Appellant and Trooper Colon] ha[d] [a] small conversation relative to [Appellant's] course of travel throughout the day[.]" *Id.* During said conversation, Trooper Colon asked Appellant if he had any firearms in the vehicle, to which Appellant responded, "yes, just mine." *Id.* Trooper Colon asked Appellant if he could retrieve said firearm for the duration of the stop, to which Appellant replied, "sure[.]" *Id.* Trooper Colon retrieved the firearm and took it back to his patrol car and secured it therein. *Id.* at 12. Upon returning to Appellant, Trooper Colon asked him if he had a permit for the firearm, to which Appellant replied that he did not. *Id.* At this point, Trooper Colon placed Appellant under arrest. *Id.* at 13.

On October 23, 2013, the Commonwealth filed an information charging Appellant with one count of firearms not to be carried without a license. Appellant filed a motion to suppress the firearm on December 12, 2013. The trial court conducted a suppression hearing on April 2, 2014, at which

Trooper Colon testified as the sole witness for the Commonwealth. Appellant did not present any evidence at said hearing. On April 4, 2014, the trial court entered an order denying Appellant's motion to suppress. Appellant then proceeded to a one-day bench trial on July 31, 2014, at the conclusion of which the trial court found Appellant guilty of the above-mentioned offense. The trial court immediately imposed a sentence of one year's probation. Appellant did not file a post-sentence motion. On August 21, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant presents the following two issues for our review.

1. Whether Appellant's conviction for [p]ossessing a [f]irearm without a [l]icense should be vacated, because the [trial] court abused its discretion in denying Appellant's suppression motion, where [the] firearm attributable to Appellant's possession was recovered as a result of a coerced consensual search, conducted during the course of an investigatory traffic stop, without reasonable suspicion or probable cause that Appellant had engaged in criminal activity, which violated Appellant's constitutional right to a fair search and seizure under the Fourth Amendment of the United States Constitution, by and through the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and Article 1, Section 8 of the Pennsylvania State Constitution?

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> 2.      Whether Appellant's conviction for [p]ossessing a [f]irearm without a [l]icense should be vacated, because the [trial] court abused its discretion in denying Appellant's suppression motion, where Appellant admitted that he possessed [the] firearm, without a carry permit, during the functional equivalent of a custodial interrogation, while being subjected to a routine traffic stop, without being advised of his **Miranda**[3] rights, which violated Appellant's constitutional rights against self-incrimination and to have the presence and advice of counsel during police questioning, under the Fifth and Sixth Amendments of the United States Constitution, by and through the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and Article 1, Section 9 of the Pennsylvania State Constitution?

Appellant's Brief at 4.

As Appellant's issues on appeal both pertain to the trial court's denial of his suppression motion, we begin by noting our well-settled standard of review regarding suppression issues.

> [I]n addressing a challenge to a trial court's denial of a suppression motion [we are] limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the [Commonwealth] prevailed in the suppression court, we may consider only the evidence of the [Commonwealth] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Washington***, 63 A.3d 797, 802 (Pa. Super. 2013) (some brackets and citation omitted). We elect to address Appellant's issues together for ease of analysis, as we dispose of both issues on the same ground. In his first issue, Appellant argues that his consent for Trooper Colon to search his glove compartment for his firearm was coerced. Appellant's Brief at 16. However, Appellant's developed argument, does not depend on whether his consent was voluntary. Rather, Appellant devotes his argument on this issue to whether the traffic stop in this case "was elevated to an investigatory detention, when Appellant was asked if there was a firearm inside the vehicle." *Id.* In his second issue, Appellant avers that his statements to Trooper Colon should have been suppressed because he was subjected to a custodial interrogation and not given his ***Miranda*** warnings. *Id.* at 18. As this illustrates, both of Appellant's arguments on appeal are premised on the type of detention to which Appellant was subjected.

The Fourth Amendment of the Federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." U.S. Const. amend. IV. Likewise, Article I, Section 8 of the Pennsylvania Constitution states, "[t]he people shall be secure in their

persons, houses, papers and possessions from unreasonable searches and seizures …." Pa. Const. art. I, § 8.

> Under Pennsylvania law, there are three levels of encounter that aid courts in conducting search and seizure analyses.
>
> > The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.
>
> *Commonwealth v. Williams*, 73 A.3d 609, 613 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 320 (Pa. 2014).

*Commonwealth v. Carter*, 105 A.3d 765, 768 (Pa. Super. 2014) (*en banc*).

> The law is clear that *Miranda* is not implicated unless the individual is in custody *and* subjected to interrogation.
>
> Police detentions only become custodial when, under the totality of the circumstances, the conditions and/or duration of the detention become so coercive as to constitute the functional equivalent of formal arrest … [T]he test focuses on whether the individual being interrogated reasonably believes his freedom of action is being restricted.

C*ommonwealth v. Snyder*, 60 A.3d 165, 170 (Pa. Super. 2013) (internal quotation marks and citations omitted, emphasis in original), *appeal denied*, 70 A.3d 811 (Pa. 2013).

> The factors a court utilizes to determine, under the totality of the circumstances, whether a detention has become so coercive as to constitute the functional equivalent of arrest include: the basis for the detention; its length; its location; whether the suspect was transported against his or her will, how far, and why; whether restraints were used; whether the law enforcement officer showed, threatened or used force; and the investigative methods employed to confirm or dispel suspicions. The fact that a police investigation has focused on a particular individual does not automatically trigger "custody," thus requiring **Miranda** warnings.

**Commonwealth v. Baker**, 24 A.3d 1006, 1019-1020 (Pa. Super. 2011), *affirmed*, 78 A.3d 1044 (Pa. 2013), *quoting* **Commonwealth v. Mannion**, 725 A.2d 196, 200 (Pa. Super. 1999) (*en banc*) (citations omitted).

In the case *sub judice*, Appellant does not contest the constitutionality of the initial traffic stop. This Court has noted that "[t]raffic stops, like **Terry** stops, constitute investigative rather than custodial detentions, unless under the totality of circumstances the conditions and duration of the detention become the functional equivalent of an arrest[.]" **Commonwealth v. Schatzel**, 724 A.2d 362, 365 (Pa. Super. 1998) (citation omitted), *appeal denied*, 740 A.2d 232 (Pa. 1999); **see also** **Rodriguez v. United States**, --- U.S. ---, 2015 WL 1780927, at *5 (2015) (stating, "a routine traffic stop is more analogous to a so-called **Terry** stop

... than to a formal arrest[]") (internal quotation marks omitted), *quoting*

**Knowles v. Iowa**, 525 U.S. 113, 117 (1998).

> "The key difference between an investigative and a custodial detention is that the latter 'involves such coercive conditions as to constitute the functional equivalent of an arrest.'" **Commonwealth v. Gonzalez***,* 979 A.2d 879, 887 (Pa. Super. 2009) (quoting **Commonwealth v. Pakacki**, 901 A.2d 983, 987 (Pa. 2006)).

> > The court considers the totality of the circumstances to determine if an encounter is investigatory or custodial, but the following factors are specifically considered: the basis for the detention; the duration; the location; whether the suspect was transported against his will, how far, and why; whether restraints were used; the show, threat or use of force; and the methods of investigation used to confirm or dispel suspicions.[4]

> > **Commonwealth v. Teeter***,* 961 A.2d 890, 899 (Pa. Super. 2008).

**Commonwealth v. Goldsborough**, 31 A.3d 299, 306 (Pa. Super. 2011)

(parallel citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012).

---

[4] Consistent with the Supreme Court's mandate that courts employ a totality of the circumstances analysis in determining whether a citizen is in custody, we stress that this is not an exhaustive list. **See generally J.D.B. v. North Carolina**, 131 S. Ct. 2394, 2402 (2011) (stating, "[r]ather than demarcate a limited set of relevant circumstances, we have required police officers and courts to examine all of the circumstances surrounding the [alleged custodial] interrogation, including any circumstance that would have affected how a reasonable person in the suspect's position would perceive his or her freedom to leave[]").

Applying this framework, we conclude the trial court did not err when it concluded Appellant was not in custody for the purposes of *Miranda*. Here, as noted above, Appellant was subject to a routine traffic stop for speeding, which is classified as an investigative detention. There is no indication that the traffic stop was unreasonably prolonged, it took place on the side of a major interstate highway, Appellant was not restrained nor transported, nor did Trooper Colon employ any threat or use of force against him. *See generally id.*

Appellant argues that he was subject to a custodial detention because Trooper Colon "testified on cross-examination that Appellant was not free to leave, during the traffic stop, when he asked Appellant if he possessed a firearm." Appellant's Brief at 21. Appellant also argues that the encounter escalated to a custodial detention "[o]nce Appellant disclosed that there was a firearm inside the Ford, [because] he was subject to arrest." *Id.* We conclude that neither of these factors viewed in light of the totality of the circumstances escalated the traffic stop to a custodial detention.

It is already incumbent in a traffic stop, or any other investigative detention that the individual is not free to leave. *See generally Commonwealth v. Santana*, 959 A.2d 450, 452 (Pa. Super. 2008), *appeal denied*, 989 A.2d 916 (Pa. 2010). In addition, it is not legally accurate to presume that Appellant was automatically subject to arrest when he disclosed the existence of a firearm in the vehicle. The statute giving rise to

Appellant's conviction in this case, states that a person is not guilty of the offense if that individual has a license for the firearm in question. **See generally** 18 Pa.C.S.A. §§ 6106(a), 6109. Also, Section 6106(b) gives a list of 16 exceptions to which the statute does not apply. **See generally id.** § 6106(b). Regarding Appellant's first issue, as we have explained, traffic stops **are** investigative detentions for the purposes of the Fourth Amendment. **See Schatzel**, **supra**. In addition, the Supreme Court has concluded that law enforcement may question drivers about unrelated matters during a traffic stop, as long as said questioning does not unreasonably prolong the stop. **See Rodriguez**, **supra** (stating, "the Fourth Amendment tolerate[s] certain unrelated investigations that d[o] not lengthen the roadside detention[]"); **accord Arizona v. Johnson**, 555 U.S. 323, 333 (2009) (stating, "[a]n officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop[]"). Based on these considerations, we conclude Appellant is not entitled to relief on either issue.

Based on the foregoing, we conclude the trial court properly denied Appellant's motion to suppress. **See Washington**, **supra**. Accordingly, the trial court's July 31, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/4/2015</u>