CIRILLO, Judge:
 

 This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Dauphin County. We affirm.
 

 On November 30, 1992, at approximately 11:00 a.m., Officer Norman Patterson of the Harrisburg Police Department received a dispatch regarding a domestic disturbance involving appellant Charles Stewart and the complainant, Sheri Alton. Officer Patterson was informed by the dispatcher that Stewart had a weapon. Officer Patterson pulled his vehicle alongside Stewart’s at the intersection of 6th and Riley Streets in Harrisburg. Ms. Alton was in the vehicle in front of Stewart’s. Officer Patterson, who was in uniform, got out of his
 
 *628
 
 vehicle, a marked police car, and approached Stewart’s vehicle. Officer Patterson drew his gun and ordered Stewart to put his hands on the dashboard. Stewart drove off, following Ms. Alton’s vehicle. He was pursued by the Harrisburg Police and was taken into custody without incident approximately twenty minutes later.
 

 Stewart was charged with escape, resisting arrest, and four summary motor vehicle violations. He was tried before the Honorable Joseph H. Kleinfelter and convicted of escape and three of the motor vehicle offenses. On appeal, Stewart raises the following claim for our review:
 

 Whether the evidence was sufficient to sustain the trial court’s verdict of guilty on the charge of escape, specifically, whether official detention exists when an individual, seated in his automobile, is told under gunpoint by a uniformed officer investigating a domestic complaint, to place his hands on the wheel and turn his car off?
 

 In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crime charged was established beyond a reasonable doubt.
 
 Commonwealth v. Jarman,
 
 529 Pa. 92, 94-95, 601 A.2d 1229, 1230 (1992);
 
 Commonwealth v. Swann,
 
 431 Pa.Super. 125, 635 A.2d 1103 (1994). “This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.”
 
 Commonwealth v. Swerdlow,
 
 431 Pa.Super. 453, 458, 636 A.2d 1173, 1176 (1994) (citing
 
 Commonwealth v. Hardcastle,
 
 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988)).
 
 See also Commonwealth v. Chmiel,
 
 536 Pa. 244, 639 A.2d 9 (1994). Furthermore, it matters not whether the appellant' finds a witness’s testimony lacking in credibility; such matters are solely within the province of the trier of fact and, as such, will not be assailed on review by this court.
 
 Swerdlow, supra.
 

 
 *629
 
 Stewart argues that there was insufficient evidence to find that he was under “official detention” as required by the escape statute. 18 Pa.C.S.A. § 5121. The statute provides:
 

 (a) Escape. — A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.
 

 (e) Definition. — As used in this section the phrase “official detention” means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail.
 

 18 Pa.C.S.A. § 5121 (emphasis added).
 

 We must decide whether the phrase “any other detention for law enforcement purposes” extends to a pre-arrest situation such as that described above. 18 Pa.C.S.A. § 5121. Officer Patterson’s testimony, that he was in uniform, in a marked police car, had his gun drawn because the dispatcher had alerted him that Stewart had a weapon, and had ordered Stewart to turn the car off, was, in our opinion, sufficient to alert Stewart that he was being “officially detained.” It is not necessary that the suspect be physically restricted by bars, handcuffs, or locked doors. Escape encompasses more than the traditional notion of a prisoner scaling a prison wall.
 
 See Matter of Welsh,
 
 327 Pa.Super. 112, 475 A.2d 123 (1984).
 
 See generally
 
 Summ.Pa.Jur.2d, § 18:34.
 

 Not all interactions between the police and citizens involve seizure of persons. Only when the police have restrained the liberty of a person by show of authority or physical force may we conclude that a seizure has occurred. “An evaluation as to whether a seizure has occurred must be viewed in light of all the circumstances and whether a
 
 *630
 
 reasonable person would have believed he or she was free to leave.”
 

 Commonwealth v. Jackson,
 
 428 Pa.Super. 246, 255, 630 A.2d 1231, 1236 (1993) (quoting
 
 Michigan v. Chesternut,
 
 486 U.S. 567, 572, 573, 108 S.Ct. 1975, 1978, 1979, 100 L.Ed.2d 565 (1988)).
 

 Under the circumstances presented in this case, it is clear that Officer Patterson exhibited a show of authority. It is inconceivable that a reasonable person would believe he or she is free to leave when a uniformed officer with a gun drawn has requested that person to turn the car off and to place his or her hands on the dashboard. We conclude, therefore, that Officer Patterson’s show of authority was sufficient to place Stewart in official detention as described in 18 Pa,C.S.A. § 5121. Stewart’s decision to drive off in his car, despite Officer Patterson’s clear instructions, constituted the crime of escape, a flagrant and unlawful removal from official detention.
 

 Judgment of sentence affirmed.