**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Stanley Leron WOODY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 2007.

Filed Dec. 5, 2007.

Reargument Denied Feb. 7, 2008.

Nathan C. Giunta, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., Harrisburg, for the Com., appellee.

BEFORE: TODD, KLEIN, and POPOVICH, JJ.

OPINION BY TODD, J.:

¶ 1 Stanley Leron Woody appeals the judgment of sentence imposed by the Dauphin County Court of Common Pleas following his conviction for, *inter alia*, escape.[1] We are constrained to vacate Appellant's conviction and sentence for escape, but affirm his judgment of sentence in all other respects.

¶ 2 The trial court set forth the facts relevant to our disposition of the instant case as follows:

Harrisburg City Police Officer Jacob Pierce reported that on August 26, 2006, at approximately 12:14 a.m., he was patrolling the Allison Hill area of Harrisburg in full police uniform and in a marked police unit. While in the 2200 block of Derry Street, in the vicinity of Rookie's Bar, Officer Pierce noticed a silver Nissan in an adjacent parking lot that was partially within a parking space and partially blocking the roadway. When he shined his spotlight on the car, Officer Pierce observed appellant in the driver's seat and observed a female arise from the area of appellant's lap. Suspecting that sexual activity was underway, Officer Pierce testified that he intended merely to tell the occupants "to take it elsewhere." However, Officer Pierce stated that appellant turned his headlights on and drove away on Melrose Street toward Derry Street. Fol-

---

1. 18 Pa.C.S.A. § 5121(a).

lowing him, Officer Pierce stated that appellant failed to use his left turn signal. Accordingly, Officer Pierce activated his emergency lights and siren to initiate a traffic stop. Refusing to stop, appellant then turned off his headlights, drove faster, headed south on 23rd Street, turned on to Woodlawn Street, turned around at the Elk Club on Woodlawn Street, and then traveled north on Melrose Street. In the area of 706 Melrose Street, appellant abandoned his car and ran on foot, while Officer Pierce pursued him in his police cruiser to Greenwood and to 22nd Streets. [Officer Pierce testified that at this time, he was "yelling for him to stop and basically stop and get on the ground. He simply would not comply." (N.T. Trial, 3/13/07, at 11.)] Still refusing to stop, appellant doubled back to Melrose Street. As a result, Officer Pierce gave chase on foot and apprehended appellant at the rear of 706 Melrose Street.

When appellant was placed in a transport van, Officer Pierce retraced the route appellant had taken upon exiting his vehicle. In the front of 706 Melrose Street, and approximately 10 to 15 feet from appellant's car, Officer Pierce located "a plastic baggie with several small baggies inside of it, sandwich baggies. Another baggie with several small rocks, white chalky rocks later tested to be crack cocaine, and also a small baggie full of marijuana."

(Trial Court Opinion, 4/23/07, at 2–3 (record citations omitted).)

¶ 3 Based on the foregoing, Appellant was charged with possession with intent to deliver cocaine[2], unlawful possession of a small amount of marijuana[3], unlawful possession of drug paraphernalia[4], escape, and several summary driving offenses. Following presentation of the Commonwealth's case-in-chief, Appellant made a motion for a judgment of acquittal with respect to the escape charge on the grounds that the Commonwealth failed to establish that he had been placed in official detention, a requirement for a legal or factual finding of escape. The trial court denied the motion, and the jury convicted Appellant of all offenses. Thereafter, the trial court sentenced Appellant to an aggregate term of 3 to 6 years incarceration. Appellant filed a timely appeal, and presents a single issue for our review: "Did the trial court err when it denied the Appellant's motion for judgment of acquittal because the facts presented during trial were insufficient to support a conviction on the charge of escape as a matter of law or jury's verdict of guilt?" (Appellant's Brief at 5.)

¶ 4 When presented with a claim that the evidence was insufficient to sustain a conviction,

an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins,* 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced,

2. 35 P.S. § 780–113(a)(30).

3. 35 P.S. § 780–113(a)(31).

4. 35 P.S. § 780–113(a)(32).

is free to believe all, part, or none of the evidence." *Commonwealth v. Brown,* 701 A.2d 252, 254 (Pa.Super.1997).

■ ¶ 5 A person is guilty of escape if he "unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S.A. § 5121(a). Section 5121(e) further provides:

> As used in this section the phrase "official detention" means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail.

18 Pa.C.S.A. § 5121(e).

¶ 6 In denying Appellant's motion for judgment of acquittal, the trial court relied on this Court's decision in *Commonwealth v. Stewart,* 436 Pa.Super. 626, 648 A.2d 797 (1994), wherein, in response to a report of a domestic dispute, an armed and uniformed police officer approached the appellant's vehicle while it was stopped at an intersection, and ordered the appellant to place his hands on the dashboard. Despite these instructions, the appellant drove off. In concluding that there was sufficient evidence to establish that the appellant was under "official detention" as described in Section 5121(e) so as to support a conviction for escape, we explained:

> We must decide whether the phrase "any other detention for law enforcement purposes" extends to a pre-arrest situation such as that described above. 18 Pa.C.S.A. § 5121. Officer Patterson's testimony, that he was in uniform, in a marked police car, had his gun drawn because the dispatcher had alert-

ed him that Stewart had a weapon, and had ordered Stewart to turn the car off, was, in our opinion, sufficient to alert Stewart that he was being "officially detained." It is not necessary that the suspect be physically restricted by bars, handcuffs, or locked doors. Escape encompasses more than the traditional notion of a prisoner scaling a prison wall.

*Id.* at 629, 648 A.2d at 798. We further noted that

> Not all interactions between the police and citizens involve seizure of persons. Only when the police have restrained the liberty of a person by show of authority or physical force may we conclude that a seizure has occurred. "An evaluation as to whether a seizure has occurred must be viewed in light of all the circumstances and whether a reasonable person would have believed he or she was free to leave."

*Id.* at 629–30, 648 A.2d at 798 (citation omitted). We concluded that, under the circumstances in *Stewart,* "[i]t is inconceivable that a reasonable person would believe he or she is free to leave when a uniformed officer with a gun drawn has requested that person to turn the car off and to place his or hands on the dashboard." *Id.* at 630, 648 A.2d at 798.

¶ 7 Our decision in *Stewart* was based on an evaluation of the specific circumstances therein. Based on the specific circumstances of the instant case, we cannot reach the same conclusion. As noted above, in *Stewart,* we found that the officer's actions, namely, his approach of the appellant's stopped vehicle, with his weapon drawn, and his instructions that the appellant turn off his car and place his hands on the dashboard, constituted an official detention of the appellant. In *Stewart,* there existed a momentary period in which the officer was able to demon-

strate a show of authority to the appellant, namely, when the appellant's vehicle was stopped with the appellant inside, so as to suggest to the appellant that he was being officially detained.

¶ 8 In the instant case, however, the charge of escape was based entirely on Appellant's failure to comply with Officer Pierce's instructions to "stop and get on the ground" (N.T. Trial, 3/13/07, at 11), which were uttered by the officer from his vehicle when Appellant exited his own vehicle to flee on foot. At no time was Appellant actually detained by the officer; indeed, the facts suggest exactly the opposite. Based on our conclusion that Appellant was never officially detained, we hold that the evidence was insufficient to support Appellant's conviction for escape, and thus vacate his conviction and judgment of sentence for this offense. In all other respects, his judgment of sentence is affirmed.

¶ 9 Judgment of sentence **AFFIRMED** in part and **VACATED** in part. Jurisdiction **RELINQUISHED.**