J-S68009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON AARON JACKSON | : | |
| | : | |
| Appellant | : | No. 1813 WDA 2017 |

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004681-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:               FILED: January 29, 2019

Jason Aaron Jackson (Appellant) appeals from the judgment of sentence entered on July 18, 2017, following his conviction of possession of a firearm prohibited, 18 Pa.C.S. § 6105(a)(1).  After careful review, we affirm.

The trial court set forth the following factual and procedural background:

> On March 19, 2016, detectives with the McKees Rocks Police Department executed a search warrant at 1240 Church Street. Police obtained the search warrant in connection with the investigation of a fatal heroin overdose that occurred on or about March 18, 2016.  During their investigation of the overdose death, detectives developed evidence indicating that [Appellant] was involved in the distribution of narcotics, and that he resided at the Church Street address.  Upon execution of the search warrant at [Appellant's] residence, officers discovered illicit narcotics, drug paraphernalia, a .40 caliber semiautomatic handgun, and indicia of residency for [Appellant].  These items were discovered while police were searching an area of the residence that had been converted into a makeshift bedroom.  During a conversation with police, and after receiving his Miranda warnings, [Appellant] admitted to possessing the firearm recovered during the execution of the search warrant.

---

* Former Justice specially assigned to the Superior Court.

[Appellant] was charged with one count each of receiving stolen property, possession of marijuana, and persons not to possess firearms. Prior to the commencement of trial, the persons not to possess firearms charge was severed from the receiving stolen property and possession of marijuana charges. Following a jury trial, [Appellant] was found guilty of being a person not to possess a firearm and, on April 18, 2017, he was sentenced to a period of incarceration of three (3) to six (6) years, to be followed by a period of four years' probation. The Commonwealth subsequently withdrew the charges of receiving stolen property and possession of marijuana.

[Appellant] filed timely post-sentence motions, which included claims that: (1) he was only awarded time credit for a 90 -day period of incarceration when he was actually incarcerated for 481 days; (2) the evidence presented by the Commonwealth at trial was insufficient to support the jury's verdict; and (3) the jury's verdict was against the weight of the evidence. This [c]ourt denied [Appellant's] post-sentence motions on December 4, 2017, and [Appellant] thereafter filed the instant appeal, in which he raises the same three claimed errors asserted in his post-sentence motions.

Trial Court Opinion, 7/19/18, at 2–3. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1. Whether the jury erred when it found [Appellant] guilty at Count 1–Possession of Firearm Prohibited, when the evidence presented by the Commonwealth was insufficient to support such a conviction?

2. Whether the jury erred when it found [Appellant] guilty when the verdict was against the weight of the evidence as Ms. Thornton's testimony was so tenuous and vague and Detective Finerty's statements regarding [Appellant's] behavior on the day in question were so contradictory so as to shock the conscious [sic] of the court?

Appellant's Brief at 3.

In support of his first question, Appellant avers that the Commonwealth failed to prove that he constructively possessed the recovered firearm. Appellant's Brief at 11. Specifically, Appellant argues that four individuals resided at the address where the firearm was found, and the Commonwealth failed to present evidence which ruled out the possibility that another one of the occupants was able to legally possess the firearm. *Id*. Further, he argues that the Commonwealth failed to present any witness testimony or evidence establishing that Appellant placed the firearm in the chair where it was discovered and failed to present any forensic evidence, including DNA or fingerprints, linking Appellant to the firearm. *Id*. at 12. Thus, Appellant argues, the evidence presented by the Commonwealth was insufficient to prove that he had the power to control and the intent to exercise control over the firearm.

This Court applies the following standards when reviewing a sufficiency of the evidence claim:

> When presented with a claim that the evidence was insufficient to sustain a conviction, an appellate court, viewing all of the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Woody*, 939 A.2d 359, 361 (Pa. Super. 2007) (citation omitted). "Furthermore, '[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial

and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence.'" *Id*. at 361–62 (quoting *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa. Super. 1997)).

The elements of persons not to possess firearms are:

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

(a)   Offense defined.—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).  Where the firearm is not found on the defendant, the Commonwealth may meet its burden of proof by showing constructive possession.  *Commonwealth v. Hopkins*, 67 A.3d 817, 821 (Pa. Super. 2013).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion."  We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012) (quoting

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (internal

citations omitted)). Appellant asserts that "'mere presence' at the scene where the firearm was found is not sufficient" to establish constructive possession. Appellant's Brief at 11. In the instant case, however, the Commonwealth presented significant evidence beyond Appellant's "mere presence" where the firearm was recovered. Indeed, the Commonwealth presented the testimony of Detective David Finerty of the McKees Rocks Police Department. Detective Finerty attested that the room in which he found the firearm was a partitioned room with a bed, men and women's clothing strewn about, and photos of Appellant and his former girlfriend on the walls. N.T.(Trial), 4/19/17, at 59–60, 64, 65. He further testified that he found a cable bill addressed to Appellant at the Church Street address. *Id*. at 65. Moreover, Detective Finerty testified that after Appellant was taken to the police station, Appellant called him to his cell and admitted that the gun was his. *Id*. at 73, 74. Finally, Detective Finerty stated that Appellant's former girlfriend, Ms. Roxanne Thornton, informed him that "it's in the chair" referring to the firearm that Detective Finerty found in the chair during the execution of the search warrant. *Id*. at 89.

In addition to the testimony of Detective Finerty, the Commonwealth offered the testimony of Ms. Thornton, who testified that the partitioned room was her and Appellant's room, that it was their exclusive living area and contained only items belonging to them. N.T. (Trial), 4/19/17, at 103. Additionally, Ms. Thornton stated that she knew the firearm was in the chair

and that it belonged to Appellant. *Id*. at 110. She further testified that she had seen Appellant holding the firearm before it was confiscated by the police. *Id*. at 109. Finally, Ms. Thornton testified that the firearm did not belong to her, and her signed statement confirming the same was admitted into evidence. *Id*. at 111.

In this case, it is uncontroverted that Appellant had access to the firearm, which he had hidden in the chair. Given the testimony presented, we find that viewing all of the evidence at trial in the light most favorable to the verdict winner, the evidence is sufficient to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *See, e.g., Commonwealth v. Smith*, 146 A.3d 257, 263 (Pa. Super. 2016) (finding constructive possession of a firearm found in a basement dresser, located in a shoe box with a letter addressed to the defendant at the address where the firearm was found and the defendant's driver's license).

In his second issue on appeal, Appellant argues that the verdict in this case was against the weight of the evidence presented at trial. In support of this issue, Appellant argues that the testimony of Ms. Thornton is so vague and void of detail that the verdict should shock the conscience of the court. Appellant's Brief at 13. Specifically, he alleges that, because she testified that she knew the firearm was in the chair but did not see Appellant put it there and did not explain how she knew the firearm was in the chair, no reasonable jury could have found her testimony to be convincing. *Id*. He also avers that

because she admitted to using drugs the morning of March 19, 2016, the day Appellant was arrested, there are significant questions regarding "the truthfulness and accuracy of her testimony." *Id*. He similarly argues that the jury assigned too much weight to the "confusing and contradictory testimony" of Detective Finerty, specifically pointing to Detective Finerty's testimony that Appellant was irate at the scene and in the holding cell at the police station, but then accepted responsibility for the gun while in custody. *Id*. at 14.

> The law pertaining to weight of the evidence claims is well established:
>
> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016)(*en banc*) (quoting *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015)). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claims is the least assailable of its rulings." *Commonwealth v. Cousar*, 928 A.2d 1025, 1036 (Pa. 2007).

- 7 -

As discussed above, this Court will not reweigh evidence. "[R]ather, this Court only reviews how the trial court has analyzed the weight of the evidence." ***Commonwealth v. Best***, 120 A.3d 329, 345 (Pa. Super. 2015).

> In assessing a claim that the verdict was against the weight of the evidence, this Court will not substitute its judgment for that of the factfinder, which is free to assess the credibility of witnesses and to believe all, part, or none of the evidence presented. ***Commonwealth v. DeJesus***, 580 Pa. 303, 860 A.2d 102 (2004); ***Commonwealth v. Johnson***, 542 Pa. 384, 668 A.2d 97, 101 (1995) ("[A]n appellate court is barred from substituting its judgment for that of the finder of fact." (citing ***Commonwealth v. Pronkoskie***, 498 Pa. 245, 445 A.2d 1203, 1206 (1982)).

***Commonwealth v. Fortson***, 165 A.3d 10, 16 (Pa. Super. 2017).

In the instant case, the trial court opinion reflected that the court applied the correct standard and found that Appellant "cites no facts which would suggest that the evidence supporting his conviction was so tenuous, vague, and uncertain that the verdict shocks the court. . . ." Trial Court Opinion, 7/19/18, at 9 (quotations omitted). We agree. The jury was "free to believe all, none or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Winslowe***, 158 A.3d 698, 712 (Pa. Super. 2017). In light of the testimony given by Detective Finerty and Appellant's former girlfriend, the trial court did not abuse its discretion in finding that the jury's verdict did not shock one's sense of justice. The trial court did not abuse its discretion in denying Appellant's weight claim. ***Fortson***, 165 A.3d at 16–17.

Judgment of sentence affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2019