J-S02045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JORDAN RAYMOND SANCHEZ :
:
Appellant : No. 1059 MDA 2022

Appeal from the Judgment of Sentence Entered August 27, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001910-2019

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 4, 2023**

Appellant, Jordan Raymond Sanchez, appeals *nunc pro tunc* from the judgment of sentence entered on August 27, 2020, after a jury convicted him of Aggravated Assault, Recklessly Endangering Another Person, Simple Assault, Receiving Stolen Property, and Possessing Instruments of Crime.[1] Appellant challenges the weight that the factfinder placed on the victim's testimony and the sufficiency of the Commonwealth's evidence to convict him of Aggravated Assault. Appellant also raises an after-discovered evidence claim. After careful review, we affirm.

On September 28, 2019, Appellant, with the help of his girlfriend Nicole Finken, lured Samuel Rodriguez ("Victim") into a dark basement. Once there, Appellant pulled out a handgun and fired one shot into the wall behind Victim.

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2705, 2701(a)(1), 3925(a), and 907(a), respectively.

Appellant then asked Finken to move further away from Victim and fired a second shot into Victim's left knee. As a result, Victim "suffers from gunshot injuries to his leg, nerve damage to both legs, a torn tibia, torn femur in his [left] leg, and nerve damage in his right leg as well as severed blood vessels and arteries" and uses a wheelchair. Trial Ct. Op., 9/19/22, at 7 (citing N.T. Trial, 6/25/20, at 69-70).

On June 25, 2020, at the conclusion of a one-day trial, the jury convicted Appellant of the above charges. On August 3, 2020, the court sentenced Appellant to serve an aggregate term of 7 to 14 years of incarceration.[2]

On July 7, 2022, the trial court reinstated Appellant's appellate rights *nunc pro tunc*, after which Appellant timely filed a Notice of Appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues for our review:

[1.] Whether the victim's testimony was substantial for a conviction when considering his inconsistent statements that he gave to police?

[2.] Whether the Commonwealth was able to show that [Appellant] acted with intent to cause serious bodily injury?

[3.] Whether [Appellant] is entitled to a new trial based on the after[-]discovered evidence indicating that [Victim] was going to beat up [Appellant] and saying [Appellant's] girlfriend would have never gotten out of there on the night in question?

Appellant's Br. at 4.

---

[2] On August 27, 2020, the court issued a modified sentencing order in response to Appellant's Motion to Modify Sentence. The order did not alter Appellant's aggregate term of incarceration.

**A.**

In his first issue, Appellant argues that because Victim testified at trial in a manner that was allegedly inconsistent with statements he provided to the police, his testimony "le[ft] reasonable doubt as to what really did happen in the basement." Appellant's Br. at 14. Although he purports to contest the sufficiency of the Commonwealth's evidence, Appellant in fact assails the factfinder's credibility determinations and weight that it placed on Victim's testimony. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) ("[C]redibility determinations are made by the fact finder and [] challenges thereto go to the weight, and not the sufficiency, of the evidence.")

Appellant did not, however, raise and preserve his weight challenge in the trial court. *See Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super. 2020) (explaining that an appellant must preserve a weight challenge before sentencing or in a post-sentence motion). As a result, this issue is waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[3]

**B.**

In his second issue, Appellant asserts that insufficient evidence supports his Aggravated Assault conviction because the Commonwealth did not prove

_____

[3] Moreover, Appellant's argument is woefully underdeveloped. He has failed to properly develop this issue for our review by supporting his argument with citation to the record and pertinent authority. Pa.R.A.P. 2119(a). This Court will address only those issues properly developed for our review. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007).

that he possessed the specific "intent to cause serious bodily injury." Appellant's Br. at 4. Considering well-settled case law, we conclude that Appellant's argument is meritless.

A claim challenging the sufficiency of the evidence to support a verdict is a question of law subject to plenary review. *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa. Super. 2019). We examine whether the evidence at trial, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish each element of the crime beyond a reasonable doubt. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014).

A person commits Aggravated Assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at § 2301.

To prove Aggravated Assault based upon an attempt, *i.e.* where the assaultive conduct did not cause the victim to suffer a serious bodily injury, "the Commonwealth must show that the accused acted with specific intent to inflict serious bodily injury." *Commonwealth v. Rodriguez*, 673 A.2d 962, 966 (Pa. Super. 1996). Where, however, the victim actually sustains a serious bodily injury, "the Commonwealth is not required to prove specific intent."

*Commonwealth v. Patrick*, 933 A.2d 1043, 1046 (Pa. Super. 2007). **See also Commonwealth v. Burton**, 2 A.3d 598, 602 (Pa. Super. 2010) ("When a victim actually sustains serious bodily injury, the Commonwealth can, but does not necessarily have to, establish specific intent to cause such harm.").

The trial court in the instant case explained that the Commonwealth's evidence at trial proved that Victim suffered a serious bodily injury from the shooting. Trial Ct. Op., 9/19/22, at 7. The record supports this finding. **See** N.T. Trial, 6/25/20, at 69-70 (Victim's uncontested testimony regarding injuries suffered from the shooting). Thus, the Commonwealth was not required to prove that Appellant possessed the specific intent to cause serious bodily injury. Accordingly, Appellant's challenge to the sufficiency of the evidence fails.[4]

### C.

In his final issue, Appellant argues that he is "entitled to a new hearing based on newly discovered evidence." Appellant's Br. at 13. In support, Appellant has attached to his brief printouts of over 20 Facebook messages allegedly exchanged between Victim and Finken (Appellant's girlfriend) in

---

[4] Appellant also challenges the sufficiency of the Commonwealth's evidence to prove that he acted with malice. Appellant's Br. at 14-16. Appellant did not, however, raise this issue in his Rule 1925(b) Statement and, as a result, it is waived. Pa.R.A.P. 1925(b)(4)(vii).

2021.[5] *Id.* at Appendix A. Appellant has identified 3 of the messages as relevant to the instant appeal:

> [T]hat's why he shot me, he knows what the fuck it was he was going to get beat the fuck up in there that little bitch ass[.]
>
> * * *
>
> Pussy had to shoot me cuz i beat that bitch ass n**** the fuck up.
>
> * * *
>
> The reason the bitch did that cuz i done smack that lil whore b4 that's y he had to shoot me him or u would of never got out of there bitch.

*Id.* at 10-11, Appendix A. Appellant alleges that these messages prove that he acted in self-defense when he shot Victim. *Id.* at 13-14.

An appellant may properly raise a claim of after-discovered evidence for the first time on direct appeal. Pa.R.Crim.P. 720(C), cmt.[6] To warrant relief, the appellant must prove, *inter alia*, that "the evidence is of such a nature and character that a different outcome is likely." *Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007).

---

[5] These messages are included in the certified record as attachments to Appellant's Pa.R.A.P. 1925(b) Statement.

[6] Generally, when an appellant raises an after-discovered evidence claim for the first time on direct appeal, we remand to the trial court for it to rule on Appellant's claim. *See* Pa.R.Crim.P. 720 cmt. We then review the trial court's ruling for an abuse of discretion. *Commonwealth v. Woeber*, 174 A.3d 1096, 1108 (Pa. Super. 2017). Here, however, since Appellant raised this claim for the first time in his Rule 1925(b) Statement, the trial court was able to address it. As such, and in the interest of judicial economy, we need not remand. We will instead review the trial court's reasoning in its Rule 1925(a) Opinion for an abuse of discretion.

The trial court found that Appellant failed to prove that the Facebook messages are of such a nature that they would change the outcome of trial. It explained that the "incoherent[ and] profanity laden" Facebook messages, consisting largely of "derogatory racial slurs and incomprehensible rambling," do not prove that Appellant acted in self-defense. Trial Ct. Op. at 12. We agree.

Self-defense is the justifiable use of force where "the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S. § 505(a). Importantly, the actor must have been "free from fault in provoking or continuing the difficulty which resulted in the use of deadly force" and have not "violate[d] any duty to retreat or to avoid the danger." *Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa. Super. 2014) (citation omitted). The actor must retreat when "he can avoid the necessity of using such force with complete safety by retreating[.]" 18 Pa.C.S. § 505(b)(2)(ii).

Here, the evidence adduced at trial proved that Appellant (1) provoked the conflict with Victim, and (2) did not retreat when he could have done so. Appellant and Finken lured Victim into a dark basement, where Appellant brandished a firearm and shot once at Victim, missing him. N.T. Trial at 76-80. Appellant then paused, asked Finken to move further away from Victim, and shot Victim in the leg. *Id.*

When viewed in the context of the evidence, the Facebook messages do not prove self-defense. They do not address the fact that Appellant provoked the conflict with Victim. They likewise do not obviate Appellant's failure to retreat when he could have done so. These messages are, thus, not the type of evidence that would make a different outcome at trial likely. As a result, this claim fails.[7]

### D.

In sum, we conclude that Appellant waived his challenge to the weight of the evidence, and his sufficiency and after-discovered evidence claims lack merit. As a result, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023

---

[7] Additionally, Victim's statements are inadmissible hearsay that do not fall within an exception. Pa.R.E. 802-804. Appellant, thus, could not utilize these statements at trial as direct evidence. The only use for these statements would be to impeach Victim's testimony. It is axiomatic, however, that after-discovered evidence will not provide a basis for relief where the proposed evidence is solely for impeachment purposes. ***Rivera***, 939 A.2d 359.