J-S31002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO HAMMOND | : | |
| | : | |
| Appellant | : | No. 1931 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000602-2019

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 08, 2020**

Antonio Hammond appeals from his November 4, 2019 judgment of sentence imposed after a jury found him guilty of escape, access device fraud, and theft of lost property. Appellant's counsel, Michael Aegbuniwe, Esquire, has filed a petition to withdraw pursuant to the legal framework of ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Following remand to permit Attorney Aegbuniwe to file an appropriate brief, we affirm Appellant's judgment of sentence and grant counsel's renewed application to withdraw.

Appellant's underlying conviction stems from a number of fraudulent purchases that he made using a misappropriated credit card. On December 23, 2018, Appellant obtained the credit card after a patron mistakenly left it at the Applebee's where he and his girlfriend, Jenifer Slaughter (collectively, the "Defendants"), worked as servers. Thereafter, the Defendants went on a

spending spree at various stores and merchants in the area of the Harrisburg Mall. The credit card owner reported the unauthorized charges to the Swatara Township Police Department.

Detective James Moyer reviewed surveillance footage of the purchases taken from multiple stores, wherein the Defendants were readily identifiable. On December 29, 2018, Detective Moyer proceeded to the Applebees where the Defendants worked. He recognized both parties from the aforementioned surveillance footage, and advised the Defendants that they were under arrest based on the contents of the security videos. Contemporaneously, Officer Brett DeGroat responded to the scene in a marked vehicle to assist in placing the Defendants in physical custody.

Immediately after Officer DeGroat arrived, Detective Moyer seized Appellant's arm and explicitly advised him that he was under arrest and was not free to leave. However, Appellant refused to cooperate. Instead, he broke free from Detective Moyer and fled on foot. After a chase that lasted approximately one-quarter of one mile, Appellant was taken into physical custody without further incident. **See** N.T. Trial, 12/12/19, at 77-79, 101-02.

Appellant was convicted at a jury trial of the above-referenced offenses. In addition to various restitution assessments and fines, Appellant was sentenced to an aggregate term of twenty-one to forty-eight months of incarceration. Appellant filed a timely notice of appeal. The trial court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b),

and Appellant timely filed a one-issue statement challenging the sufficiency of the Commonwealth's evidence with respect to escape.

Thereafter, Attorney Aegbuniwe was appointed to take over Appellant's case. Counsel elected to file an application to withdraw averring that Appellant's potential claims on appeal were wholly frivolous pursuant to **Anders**. On July 31, 2020, we filed a judgment order remanding this case to the trial court. **See Commonwealth v. Hammond**, 2020 WL 4384227, at *2 (Pa.Super. July 31, 2020). Specifically, we concluded that the first **Anders** brief filed by Attorney Aegbuniwe did not "include any discussion or justification of counsel's conclusion that Appellant's claims are wholly frivolous," and was therefore deficient. **Id**. Accordingly, we remanded the case for the filing of a compliant brief.

On September 15, 2020, Attorney Aegbuniwe filed a revised **Anders** brief containing an appropriate discussion of Appellant's case and a renewed application to withdraw. On October 13, 2020, the Commonwealth filed a letter stating its intent not to file any further response.

On October 20, 2020, we filed an order noting that our review of the certified record "cannot adequately confirm that Appellant has properly received a copy of the application to withdraw and brief filed in his case[.]" Order, 10/20/20, at 1. Therefore, we provided Attorney Aegbuniwe an additional two weeks in which to serve Appellant with the necessary documents and file proof of his compliance. **Id**. at 2.

- 3 -

On October 30, 2020, Attorney Aegbuniwe filed a response that included, *inter alia*, a United States Postal Service certified mail receipt, indicating that the aforementioned documents were delivered to Appellant on October 26, 2020. Moreover, Attorney Aegbuniwe also informed Appellant that he could respond to counsel's **Anders** filings within thirty days. Appellant did not file a response.

Counsel's revised **Anders** brief raises a single issue: "Whether there is a non[-]frivolous issue regarding the sufficiency of the evidence to support that Appellant was not under official detention, as is required for a conviction of escape[?]" Revised **Anders** brief at 8. Ultimately, counsel concludes that this issue is frivolous. **Id**. at 17-20 ("[A] jury could have reasonably found that Appellant was under official detention and that a reasonable person would not have felt free to leave.") (citing **Commonwealth v. Stewart**, 648 A.2d 797, 798-99 (Pa.Super. 1994)).

Before we address the merits of this appeal, we must determine whether counsel has complied with the technical procedures provided in **Anders** and its progeny. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*). Counsel seeking to withdraw under **Anders** must: (1) file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous; (2) file an **Anders** brief setting forth "issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof;" (3) provide a copy of the **Anders** petition and

brief to the defendant; and (4) advise the defendant of their right to "retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa.Super. 2015).

At a minimum, an **Anders** brief must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for so concluding. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*) (citing **Santiago**, **supra** at 361). In particular, the brief "should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id**.

Following remand and the entry of our October 20, 2020 order, we discern that counsel has adequately satisfied the technical requirements of **Anders**. On September 15, 2020, counsel filed an **Anders**-compliant petition to withdraw and brief. Additionally, counsel has served a copy of the petition and brief upon Appellant. Contemporaneously, counsel also forwarded a letter to Appellant advising him of his rights to retain new counsel, proceed *pro se* or raise additional points with this Court.

Counsel's revised **Anders** brief is also compliant with the technical requirements of **Santiago**. Specifically, the revised brief adequately summarizes the relevant factual and procedural history of this case, and refers

to the portions of the record that fail to support Appellant's issue with persuasive citations and discussion of pertinent case law. Accordingly, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Flowers**, **supra** at 1249 (quoting **Santiago**, **supra** at 354 n.5).

The only potential appellate issue discussed in counsel's **Anders** brief concerns the sufficiency of the evidence underlying Appellant's conviction for escape at 18 Pa.C.S. § 5121(a) ("A person commits an offense if he unlawfully removes himself from official detention . . . ."). As used in this section, the phrase "official detention" has been defined to include being placed under arrest. **See** 18 Pa.C.S. § 5121(e). Consistent with this definition, this Court has construed the crime of escape to be applicable in certain situations where law enforcement has made a "show of authority," but has not yet taken a defendant into physical custody. **See Commonwealth v. Stewart**, 648 A.2d 797, 798 (Pa.Super. 1994) ("It is not necessary that the suspect be physically restricted by bars, handcuffs, or locked doors. Escape encompasses more than the traditional notion of a person scaling a prison wall.").

Specifically, this Court has held that the determination of whether a defendant was subjected to an official detention by law enforcement requires an objective examination of the surrounding circumstances:

> Not all interactions between the police and citizens involve seizure of persons. **Only when the police have restrained the liberty of a person by show of authority or physical force may we conclude that a seizure has occurred.** "An evaluation as to whether a seizure has occurred must be viewed in the light of all

the circumstances and **whether a reasonable person would have believed he or she was free to leave.**"

***Commonwealth v. Woody***, 939 A.2d 359, 363 (Pa.Super. 2007) (quoting ***Stewart***, *supra* at 629-30) (emphasis added)).

Our holding in ***Stewart*** is particularly instructive on this inquiry. In that case, this Court concluded that Stewart was subjected to an official detention for the purposes of § 5121, when an officer approached Stewart's stopped vehicle with his weapon drawn and instructed him to turn off the ignition and place his hands on the dashboard. ***Stewart***, *supra* at 797-98. Stewart disregarded this instruction, fled from his vehicle on foot, and was apprehended following a brief footchase. He was charged and convicted of, *inter alia*, escape. On appeal to this Court, he argued that he was never subject to an official detention under § 5121.

We rejected Stewart's argument, and affirmed his judgment of sentence. ***Id***. at 798-99 (holding that the above-described "show of authority was sufficient to place Stewart in official detention as described in 18 Pa.C.S. § 5121"). Subsequent holdings have affirmed ***Stewart*** for the proposition that an official detention may exist where "there existed a momentary period in which the officer was able to demonstrate a show of authority to the appellant[.]" ***Woody***, *supra* at 362-63.

At trial, Detective Moyer and Officer DeGroat collectively and consistently testified that Detective Moyer: (1) informed Appellant that he was under arrest; and (2) attempted to place him in physical custody. ***See*** N.T. Trial, 12/12/19, at 77-79, 101-02. Under the circumstances of this case, we

believe that Detective Moyers's actions were a sufficient "show of authority," such that a reasonable person would have believed that they were not free to leave. *Accord Stewart*, *supra* at 797-98. Accordingly, we agree with counsel's conclusion that any challenge to the sufficiency of the evidence on these grounds would be meritless.

Moreover, our "simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has uncovered no additional potential issues. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Therefore, we affirm Appellant's sentence and grant counsel's petition to withdraw pursuant to *Anders*.

Petition of Michael Aegbuniwe, Esquire, to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2020